## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ILAN GOLDSTEIN**, c/o ZELL & ASSOCIATES INTERNATIONAL ADVOCATES, LLC 800 CONNECTICUT AVE., N.W. SUITE 300 WASHINGTON, D.C. 20006 *Plaintiff,* *v.* **UNITED STATES DEPARTMENT OF STATE** 2201 C Street, N.W. Washington, DC 20451 *Defendant.* | Civil Action No. 1:26-cv-2789 |

## COMPLAINT FOR INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT

### INTRODUCTION

1. This is an action to compel Defendant to comply with the Freedom of Information Act. On July 10, 2025, Plaintiff submitted a proper FOIA request seeking the passport records of his late father, Leon Goldstein, for use in an active probate proceeding in Israel. More than a year later, Defendant has neither produced a single

1

responsive record nor made the statutorily required determination on the request, nor invoked any FOIA exemption.

2. Plaintiff seeks injunctive relief to remedy the State Department's failure to respond to his FOIA requests within the statutory time limits and its unlawful withholding of the requested records.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), as the records are situated in this district, and under 28 U.S.C. § 1391(e), as the defendant resides in this district.

## PARTIES

5. Plaintiff Ilan Goldstein is a natural person and a U.S. citizen and resident. He is the son of Leon Goldstein, who died on August 28, 2019, and requests the records at issue in connection with a probate proceeding pending in Israel concerning his father's estate.

6. Defendant U.S. Department of State is a federal agency subject to FOIA. It has possession, custody, and control of the records sought by Plaintiff.

## FACTUAL BACKGROUND

7. On July 10, 2025, Plaintiff submitted a FOIA request to Defendant, seeking passport records pertaining to Plaintiff's deceased father, Leon Goldstein (the "Request"). The Request identified the decedent's available passport number and enclosed supporting documentation, including a death certificate, a birth certificate establishing the parent-child relationship, and identification for the requester.

8. The Request explained that the records were needed for a probate proceeding in Israel, as certain estate assets were registered under an older passport no longer in the family's possession.

9. The Request package was transmitted via FedEx Priority Overnight, tracking number 883536827192, and was delivered to Defendant on August 14, 2025.

10. By letter dated August 22, 2025, Defendant acknowledged receipt of the Request and assigned it Case Number F-2025-

26083. Defendant represented that it processes requests on a first-in/first-out basis and that electronically available records "may take anywhere from 3-4 months to process," while records requiring a manual search of paper files "can take anywhere from 4-8 months to retrieve."

11. Even under Defendant's own longest stated estimate, a determination and production of records was due no later than approximately March 2026. That deadline has long since passed.

12. Plaintiff's counsel repeatedly contacted Defendant seeking a status update, including by emails dated November 17, 2025; January 14, 2026; February 24, 2026; April 21, 2026; and July 27, 2026.

13. On March 23, 2026, Defendant's FOIA office responded only that the status inquiry "has been forwarded to the specialist handling your case," without providing any substantive update, timeline, or determination.

14. Defendant has not responded in any substantive way to Plaintiff's subsequent inquiries of April 21, 2026 or July 27, 2026.

15. As of the filing of this Complaint, more than one year has elapsed since Defendant received the Request. Defendant has not made the determination required by 5 U.S.C. § 552(a)(6)(A), has

4

not produced any responsive records, and has not asserted that any responsive records are exempt from disclosure.

16.    Plaintiff has exhausted, or in the alternative has constructively exhausted, all administrative remedies available to him under 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT I

### Violation of FOIA — Failure to Respond Within the Statutory Deadline

17.    Plaintiff repeats and incorporates by reference the allegations set forth above.

18.    Defendant was required to determine whether to comply with the Request within 20 business days of receipt, subject to at most a 10-business-day extension for unusual circumstances. 5 U.S.C. § 552(a)(6)(A)–(B).

19.    More than a year after receiving the Request, Defendant has still failed to make the required determination, in violation of 5 U.S.C. § 552(a)(6)(A).

20.    Defendant's failure to timely determine whether to comply with the Request constitutes a constructive denial of the Request.

5

## COUNT II

## Violation of FOIA — Improper Withholding of Agency Records

21.    Plaintiff repeats and incorporates by reference the allegations set forth above.

22.    The records sought by Plaintiff are agency records within the meaning of 5 U.S.C. § 552(f)(2) that are in Defendant's possession, custody, and control.

23.    Defendant has failed to make the requested records promptly available to Plaintiff and has not demonstrated that any FOIA exemption applies, in violation of 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Order Defendant to produce, without further delay, all non-exempt responsive records;

(B) Declare that Defendant has violated FOIA, 5 U.S.C. § 552, by failing to respond to the Request within the statutory time limits;

(C) Order Defendant to conduct an adequate search for all records responsive to the Request and to complete processing of the Request within a time certain set by the Court;

(D) Enjoin Defendant from continuing to withhold non-exempt agency records responsive to the Request;

(E) Award Plaintiff reasonable attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(F) Grant such other and further relief as the Court deems just and proper.

Dated: August 7, 2026.

Respectfully submitted,

*/s/ Noam Schreiber*

_____

Noam Schreiber
ZELL & ASSOCIATES INTERNATIONAL ADVOCATES, LLC
800 CONNECTICUT AVE., N.W.
SUITE 300
WASHINGTON, D.C. 20006
(202)-733-4483
*Email: noam.schreiber@fandz.com*

7